UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

AARON JAMES RALPH,

              Plaintiff,              Case No. 1:10-cv-940

v.                                               Honorable Janet T. Neff

RICHARD MACKOWIAK et al.,

              Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the G. Robert Cotton Correctional Facility. In his *pro se* complaint, he sues the following Montcalm County employees: retired Court Reporter Richard Mackowiak, Judge David Hoort, retired Judge Charles Miel, Judge Suzanne Kreeger and Prosecutor Andrea Krause.

During Plaintiff's 1998 trial, Court Reporter Mackowiak prepared the trial transcripts. After reviewing the transcripts, Plaintiff claims that he found a few errors. On March 3, 1999, appellate counsel filed a motion to remand in the Michigan Court of Appeals. In his motion, appellate counsel argued that certain parts of the transcript were inaccurate. "Specifically, the police officer who took [Plaintiff's] statement testified at trial that he forgot the video tape of the statement, yet it is not in the transcript. Additionally, [Plaintiff] believes that part of the cross-examination of him does not appear to be present in the transcript." (Ex. J to Compl., Page ID #38, docket #1.) On April 28, 1999, the Michigan Court of Appeals denied Plaintiff's motion to remand. Plaintiff then requested that his appellate counsel raise a claim regarding the inaccurate transcripts in Plaintiff's direct appeal. Plaintiff also directed his appellate counsel to raise several ineffective assistance of counsel claims. Appellate counsel refused to raise any of those claims but suggested that Plaintiff file a supplemental brief in the appellate court.[1]

---

[1] According to the Michigan Court of Appeals' website, a Standard 11 brief was filed on November 24, 1999. It is unknown whether Plaintiff raised claims regarding the errors in this trial transcript and the ineffective assistance of trial counsel in that brief. *See People v. Ralph*, No. 214719, docket #26 (Mich. Ct. App. Nov. 24, 1999) at http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=214719&inqtype=public&yr=0&yr=0&SubmitBtn=Search.

In 2007 or 2008, Plaintiff attempted to obtain the audio recordings of his trial transcripts from Defendant Mackowiak but those recordings could not be found. According to Michigan Compiled Laws § 600.2137(3), a court may order destruction of a court reporter's note, tape, or recording as follows:

> 15 years after the date that the note, tape, or recording was made for a felony case and 10 years after the date that the note, tape, or recording was made for any other case. One year after a transcript of a note, tape or recording is filed with the court, the court may order the destruction of the note, tape, or recording.

MICH. COMP. LAWS § 600.2137(3). Plaintiff states that the trial court never entered an order for the destruction of the audio recordings of the transcripts, and, thus, the transcripts should have been available for fifteen years after Plaintiff's 1998 trial. Plaintiff sent numerous requests to the trial court for assistance. In a letter dated February 7, 2008, Judge Hoort stated that he could not locate an order, which authorized the destruction of Defendant Mackowiak's notes, tapes and recordings of Plaintiff's trial transcripts. (Ex. E to Compl., Page ID #32, docket #1.) Plaintiff also requested that Defendant Mackowiak be prosecuted for destroying the audio recording of Plaintiff's trial transcripts without a court order. On September 2, 2008, Judge Hoort sent a letter to Plaintiff stating that he forwarded Plaintiff's request for criminal prosecution to Prosecutor Krause. Plaintiff alleges that Prosecutor Krause did not make any effort to investigate Plaintiff's claims.

On September 9, 2008, Plaintiff filed a motion to show cause in Montcalm County Circuit Court for the destruction of the audio recordings of Plaintiff's trial transcripts. In an order dated December 16, 2008, Judge Miel denied Petitioner's motion. Plaintiff then filed a motion for reconsideration. On August 25, 2009, Judge Kreeger denied Plaintiff's motion for reconsideration, claiming that Defendant Mackowiak "likely inadvertently" destroyed the records. (Compl., Page ID #9, docket #1.) Plaintiff also filed a motion for evidentiary hearing in the trial court to address

the destruction of the audio recordings and several claims of ineffective assistance of trial and appellate counsel. On December 4, 2009, Judge Kreeger denied Plaintiff's motion pursuant to Michigan Court Rule 6.508(D)(2). Plaintiff appealed the trial court's decision to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied Plaintiff's application for leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). On July 26, 2010, the Michigan Supreme Court denied leave to appeal for the same reason.

Plaintiff claims that Defendants violated his due process rights because he cannot resolve the inaccuracies in his trial transcripts. Further, Plaintiff alleges that he has been denied the right to determine the effect that "appellate counsel[']s deficient performance ha[d] on his appeal as of right." (Compl., Page ID #12, docket #1.)

Plaintiff requests declaratory relief. As to Defendants Hoort and Kreeger, Plaintiff requests injunctive relief to "cease denying Plaintiff[']s due process right to the necessary hearings to resolve the claims of inaccuracies in the record, resolve the issues of appellate counsel, and by incorporation, the issues of trial counsel." (Compl., Page ID #16.) Plaintiff also requests monetary damages against Defendant Mackowiak.

II. Judicial Immunity

Plaintiff claims that Defendants Court Reporter Mackowiak, Judge Hoort, Judge Miel, Judge Kreeger and Prosecutor Krause violated his due process rights. It is well established that a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 10 (1991) ("'[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his

own convictions, without apprehension of personal consequences to himself.'") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Prosecutors may also be entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Because Plaintiff did not sue Judge Hoort, Judge Miel, Judge Kreeger and Prosecutor Krause for monetary damages, the Court need not decide the question of immunity for those individuals. Plaintiff only requested monetary damages from Defendant Court Reporter Mackowiak.

Absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)). A court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages)); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from a state prison inmate's § 1983 claim); *Lyle*

*v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk); *Washington v. Shelby County*, No. 88-6321, 1989 WL 63896 (6th Cir. 1989) (court reporter is entitled to judicial immunity when acting within the scope of his or her official duties). Plaintiff argues that Defendant Mackowiak, in his role as court reporter, omitted testimony in Plaintiff's trial transcripts and destroyed the audio recordings of those trial transcripts without a court order. Defendant Mackowiak clearly acted on behalf of the trial court when he prepared a record of the court hearing. Defendant Mackowiak was also in charge of the destruction of notes, tapes and audio recordings. In the order denying Plaintiff's motion to show cause, Judge Miel stated: "Richard Mackowiak made it a practice to obtain an order before destroying his shorthand notes but has been unable to locate the order covering this case. [T]he order either was entered and lost or would have been entered if requested." (Ex. O to Compl., Page ID #46, docket #1.) Because the destruction of the audio recordings of the trial transcripts was not outside the scope of Defendant Mackowiak's employment as a court reporter, I find that Defendant Mackowiak is entitled to quasi-judicial immunity.

While quasi-judicial immunity prevents the recovery of damages, it does not bar prospective injunctive relief against Defendant Mackowiak. *Pulliem v. Allen*, 466 U.S. 522, 541-43 (1984); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996). The Court will address this challenge in its discussion of Plaintiff's due process claim, *infra*.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A. Due Process

Plaintiff alleges that Defendants violated his due process rights by depriving him of the ability to challenge certain omissions in his trial transcripts. Plaintiff's factual allegations only suggest that Defendants acted negligently. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986))*; see also Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006); *Franklin v. Aycock*, 795 F.2d 1253, 1261-62 (6th Cir. 1986). A claim of negligence is insufficient to support a § 1983 claim. *Daniels*, 474 U.S. at 333-36. Instead, to state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350.

Plaintiff does not allege that Defendants committed the sort of arbitrary deprivation that would implicate due process. Plaintiff claims that Defendant Mackowiak destroyed the audio recordings of Plaintiff's trial transcript without a court order. Because the recordings were destroyed, Plaintiff states that he cannot review the transcripts for omitted testimony and challenge the correctness of his trial transcript. Plaintiff has not provided any evidence that Defendant Mackowiak intentionally destroyed the transcripts to harm Plaintiff or that Defendant Mackowiak

held any animosity toward Plaintiff. Further, Plaintiff's allegations that he cannot challenge the correctness of his trial transcripts do not suggest that Judges Hoort, Miel and Kreeger acted in a grossly negligent, deliberately indifferent, or intentional manner. *See Howard*, 82 F.3d at 1350. To the contrary, Judges Hoort, Miel and Kreeger considered Plaintiff's claims by answering Plaintiff's letters, ruling on his motion to show cause and deciding his motion for reconsideration, respectively. Plaintiff was also able to present his transcript claim in his 1999 motion to remand before the Michigan Court of Appeals and a Standard 11 brief before the Michigan Court of Appeals. Finally, Defendant Krause's refusal to prosecute Defendant Mackowiak does not suggest that she committed the sort of arbitrary deprivation that would implicate due process. The "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban County, Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order). Accordingly, Plaintiff fails to state a procedural due process claim.

### B. Ineffective Assistance of Counsel

To the extent Plaintiff claims that ineffective assistance of trial and appellate counsel affected his criminal appeal, he must raise those claims on habeas review. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration

of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, to the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations regarding his claims of ineffective

assistance of trial and appellate counsel clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g), because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### C. State Law

To the extent that Plaintiff's complaint presents allegations that Defendants' actions violated state law or policy, this Court declines to exercise jurisdiction. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and where all federal claims are dismissed prior to trial, the court ordinarily should dismiss the state-law claim without reaching its merits. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). This claim will be dismissed without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>December 2, 2010</u>             /s/ Janet T. Neff
                                          Janet T. Neff
                                          United States District Judge